UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| **MONDRAGO DAVIS,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Case No. 3:25-cv-367-RGJ |
| **UNITED PARCEL SERVICE, INC.** | : |
| | : |
| Defendant. | : |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, UPS states as follows:

### I. INTRODUCTION

1. Plaintiff Mondrago Davis ("Plaintiff") filed this action on May 19, 2025, in the Jefferson Circuit Court captioned as *Mondrago Davis v. United Parcel Services, Inc.*, Civil Action No. 25-CI-003943 (the "State Court Action").

2. UPS was served with, and actually received, copies of the State Court Action on May 28, 2025, within thirty (30) days of this Notice of Removal.

3. True and accurate copies of all process, pleadings, and orders served, filed, or entered in the State Court Action as of the date of the filing of this removal are attached hereto as **Exhibit A.**

4.	While UPS contends that the allegations in Plaintiff's Complaint lack merit, Plaintiff's Complaint seeks damages for alleged disability discrimination under the Kentucky Civil Rights Act ("KCRA"), KRS Chapter 344; race discrimination under the KCRA; retaliation for reporting his disability and filing worker's compensation claims; and worker's compensation retaliation.

## II.   REMOVAL PROCEDURES AND VENUE

5.	This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Specifically, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) since this removal was filed within thirty (30) days of service of the Complaint. Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

6.	In accordance with 28 U.S.C. § 1446(d), UPS will promptly provide written notice of the filing of this Notice to Plaintiff.

7.	Pursuant to 28 U.S.C. § 1446(d), UPS will promptly file a duplicate copy of this Notice with the Clerk of the Jefferson Circuit Court.

8.	In accordance with 28 U.S.C. § 1446(a), venue is properly placed in the United States District Court for the Western District of Kentucky, Louisville Division, because it is the district court for the district and division where the State Court Action is pending (Jefferson Circuit Court, in Jefferson County, Kentucky).

9.	Further, this action is not an action made non-removable by 28 U.S.C. § 1445(c).

## III.   DIVERSITY JURISDICTION

10.	There is complete diversity between the parties to this lawsuit.

11. Plaintiff is a resident and citizen of Louisville, Jefferson County, Kentucky. *See* Compl. ¶ 2. Upon information and belief, Plaintiff's citizenship remains the same as listed in the Complaint at the time of filing this Notice of Removal.

12. UPS is incorporated under the laws of the state of Ohio, with its principal place of business located at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.

13. For purposes of determining diversity of citizenship, a corporation is considered a citizen of both its place of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

14. Because UPS is a corporation organized under the laws of Ohio with a principal place of business in Georgia, it is deemed a citizen of Ohio and Georgia.

15. Accordingly, complete diversity exists between Plaintiff and UPS because Plaintiff is a citizen of Kentucky and UPS is a citizen of Ohio and Georgia.

16. The amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

17. Specifically, Plaintiff seeks an award of lost wages (approximately $41.59/hour or $86,507.20 per FT year prior to overtime), benefits, compensation, and other monetary loss; "compensatory damages under the KCRA[;]" and the following catch-all phrase: "any and all other damages suffered[.]" Compl. p. 7. Damages available to plaintiffs under the KCRA include back pay, front pay, and compensatory damages (for emotional distress or humiliation). *See* KRS § 344.450. Plaintiff also seeks punitive damages in excess of his alleged economic damages and attorneys' fees. *Id.*

18. Thus, while UPS denies any and all liability to Plaintiff, for purposes of ascertaining the amount in controversy, the total damages at issue in this case satisfy the jurisdictional threshold.

19. Accordingly, because there is complete diversity of citizenship between the parties and, exclusive of interests and costs, the amount in controversy exceeds $75,000, this Civil Action could have been brought before this Court pursuant to 28 U.S.C. § 1332(a). Therefore, UPS may remove this Civil Action pursuant to 28 U.S.C. § 1441(a).

## IV.     FEDERAL QUESTION JURISDICTION

20. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), as this is a civil action arising under the Constitution, laws, or treaties of the United States.

21. Federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of Plaintiff's complaint." *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 518 (6th Cir. 2012) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

22. As the Sixth Circuit has expressly recognized, a complaint that relies exclusively on state law is still removable "when a federal statute wholly displaced the state-law cause of action through complete pre-emption." *Valinksi v. Edison*, 197 F. App'x 403, 406 (6th Cir. 2006) (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). This doctrine applies where "Congress has so completely preempt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* (quoting *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64). "The theory behind the doctrine is that 'the pre-emptive force of a statute is so "extraordinary" that it "converts" an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 392.

23. "Section 301 of the LMRA is one of but a few statutes under which the Supreme Court has recognized complete preemption." *Id.* "That is, the complete preemption of state law

claims by § 301 serves as the federal claim that would ordinarily appear on the face of the well-pleaded complaint." *Id.* "As [the Sixth Circuit] has noted, § 301 has an unusually powerful preemptive force over a claim for relief sought exclusively under state law." *Id.* (citing *Alongi v. Ford Motor Co.*, 386 F.3d 716, 723-24 (6th Cir. 2004)).

24. The Supreme Court has also held that state-based tort claims are subject to § 301 preemption when resolution of the claim requires interpretation of the parties' collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-213 (1985).

25. The International Brotherhood of Teamsters ("IBT") and UPS are parties to a collective bargaining agreement that governed the terms and conditions of Plaintiff's employment, including discipline, termination, and the grievance process, as he notes in his Complaint. *See* Compl. ¶¶ 21-24; *see also* UPS' National Master Agreement with the IBT ("Agreement"), its Central Region Supplemental Agreement with the IBT ("Supplemental Agreement"), and its Kentucky Rider with the IBT ("Kentucky Rider") (collectively, the "CBA"), copies of which are attached hereto as **Exhibits B, C,** and **D**, respectively.

26. On or about August 17, 2023, UPS terminated Plaintiff's employment in accordance with Article 17, Subpart (f) of the Central Region Supplemental Agreement for failure to report an accident. *See* Compl. ¶ 20.

27. Plaintiff unsuccessfully appealed his termination using the grievance process contained in the collective bargaining agreements. *See* Compl. ¶¶ 21-24.

28. Despite having litigated the propriety of his termination through the grievance process, Plaintiff now seeks damages via civil litigation, including, but not limited to, compensatory damages, punitive damages, costs, interest, and attorney's fees. *Id*. p. 7.

### A. SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT (LMRA)

29. Section 301 of the LMRA creates federal subject matter jurisdiction over suits alleging violations of a CBA. *See Valinski*, 197 F. App'x at 407. As the Supreme Court has expressed, Section 301 "authorize[d] federal courts to fashion a body of federal law for the enforcement of . . . collective bargaining agreements." *Id.* at 407 (quoting *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 451 (1957)).

30. Although the Complaint appears to present claims arising under state law, the evidence shows that all of Plaintiff's claims are completely dependent on the CBA. All of Plaintiff's allegations are related to his employment with UPS which is solely governed by the terms of the aforementioned CBA. In reality, Plaintiff's claims are allegations that UPS violated the provisions of the CBA relating to the terms of his employment. State law claims alleging the breach of a CBA are completely preempted by Section 301. *See* 29 U.S.C. § 185; *Avco Corp. Aero Lodge No. 735*, 390 U.S. 557 (1968), *Caterpillar Inc.*, 482 U.S. 386; *Mattis v. Massman*, 355 F.3d 902, 908 (6th Cir. 2004) (holding that Plaintiff's claim for wrongful termination was preempted because it required the court to interpret the collective bargaining agreement).

31. In addition to seeking relief for alleged breach of the CBA, Plaintiff's claims specifically implicate the decision-making process and reasoning of the arbitral grievance panel established under the CBA, and thus his claims are inextricably intertwined with consideration of the terms of the CBA. Such claims must be treated as Section 301 claims which present a federal question. *Allis-Chalmers Corp*, 471 U.S. at 220.

32. Thus, this State Court Action is removable pursuant to 28 U.S.C. § 1441(a) because it is within the original jurisdiction of this Court under 28 U.S.C. § 1331 in that it involves a claim arising under the laws of the United States, namely the LMRA and NLRA.

33. By virtue of this Notice of Removal, UPS does not waive its right to assert any claims or defenses or to make other motions related to Plaintiff's claims.

## IV. SUPPLEMENTAL JURISDICTION

34. In the event the Court were to determine that any of Plaintiff's multiple claims are not federal claims by virtue of complete preemption, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

WHEREFORE, UPS has removed this action to the United States District Court for the Western District of Kentucky, which requires that the Jefferson Circuit Court proceed no further with respect to this action.

Respectfully submitted,

*/s/ Lira A. Johnson*
Lira A. Johnson
Elizabeth S. Fritz
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
502-540-2300 (telephone)
502-585-2207 (facsimile)
lira.johnson@dinsmore.com
elizabeth.fritz@dinsmore.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing *Notice of Removal* has been filed this 17th day of June, 2025 with the Clerk of the Court using the CM/ECF filing system, and sent the same via regular mail and electronic mail to the following counsel:

Taylor J. Ferguson
Andrew Dutkanych, III
BIESECKER DUTKANYCH & MACER, LLC
144 N. Delaware St.,
Indianapolis, IN 46204
P: 317-991-4765
F: 812-424-1005
tferguson@bdlegal.com
ad@bdlegal.com
*Counsel for Plaintiff*

            /s/ Lira A. Johnson
            *Counsel for Defendant*