

**null / ALL**
**Transmittal Number: 31524044**
**Date Processed: 05/30/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Walter Gil<br>Sonja Jackson<br>Arlette Willis |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service, Inc. |
| **Title of Action:** | Mondrago Davis vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | Mondrago Davis vs. United Parcel Service, Inc. (17390121) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Jefferson County Circuit Court, KY |
| **Case/Reference No:** | 25-CI-003943 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 05/28/2025 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Biesecker Dutkanych & Macer, LLC<br>317-991-4765 |
| **Client Requested Information:** | Matter Type: Other/NA |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | | |
|---|---|---|
| AOC-E-105       Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice       Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **25-CI-003943**<br>Court:   **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **DAVIS, MONDRAGO VS. UNITED PARCEL SERVICE, INC.;** *Defendant*

### TO:  **UNITED PARCEL SERVICE, INC.**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **5/19/2025**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____        _____
                                                                Served By

                                                   _____
                                                                Title

---

Summons ID: @00001104569
CIRCUIT: 25-CI-003943 Return to Filer for Service
DAVIS, MONDRAGO VS. UNITED PARCEL SERVICE, INC.



Page 1 of 1

**eFiled**

No. _____

**JEFFERSON CIRCUIT COURT**
**DIVISION _____**
**JUDGE _____**

*-FILED ELECTRONICALLY-*

MONDRAGO DAVIS                                                    PLAINTIFF

VS.                    **COMPLAINT & JURY DEMAND**

UNITED PARCEL SERVICE, INC.
DEFENDANT

    Serve: Corporation Service Company
    421 West Main Street, Frankfort, KY 40601.

## I.    NATURE OF THE CASE

    1.    This is an action brought by Plaintiff, Mondrago Davis ("Davis"), against

Defendant, United Parcel Service, Inc. ("UPS") alleging violations of the Kentucky Civil Rights

Act ("KCRA") and Worker's Compensation Retaliation.

## II.    PARTIES

    2.    Plaintiff, Davis, was at all times relevant a citizen of Jefferson County, Kentucky.

Davis worked for UPS. as a delivery driver.

    3.    Defendant, UPS, is a Foreign Corporation, headquartered in Atlanta, Georgia. The

company owns and operates its primary air cargo facility in Louisville, Kentucky.  UPS

maintains offices and conducts business within the geographical boundaries of Jefferson County,

Kentucky. Service shall be made upon UPS's Registered Agent: Corporation Service Company,

421 West Main Street, Frankfort, KY 40601.

## III.    JURISDICTION AND VENUE

    4.    A substantial part of the events, transactions, and occurrences relevant to this

lawsuit arose within the geographical environs of Jefferson County, Kentucky; thus, venue is

proper in this Court.

1

5.      Plaintiff's damages exceed the minimum jurisdictional requirement for this Court.

6.      Defendants are an "employer" as that term is defined by KRS 344.030(2).

7.      Plaintiff is an "employee" as that term is defined by KRS 344.030(5).

8.      Plaintiff has a "disability" as that term is defined by KRS 344.010(4).

9.      Plaintiff is a "qualified individual with a disability" as defined by KRS 344.010(1) and/or Defendant knew of Plaintiff's disability and/or Defendant regarded Plaintiff as being disabled.

## IV. FACTUAL ALLEGATIONS

10.     In or around January 2000, Davis, who is an African American, began working for USP as a delivery driver.

11.     Over the course of his employment, Plaintiff never received any disciplinary citations or warnings, nor was he involved in any accidents while on the job.

12.     During his employment, Davis routinely met or exceeded the Defendant's legitimate performance expectations.

13.     On or about December 3, 2016, Davis fell while on duty and suffered an injury to his back and shoulder. After notifying a supervisor, Plaintiff was told not to go to the doctor's office. Plaintiff's supervisor said that it was peak season, and that they would need Davis's labor to get by.

14.     More than a month later, on or about January 25, 2017, Davis's supervisors allowed him to seek medical treatment. The supervisors instructed Davis to lie in his reports about where and how he was injured. Shortly thereafter, Davis filed his first workers' compensation claim.

2

15.     On or about January 30, 2019, Davis suffered an injury to his left shoulder while on the job. Shortly thereafter Davis filed a second workers' compensation claim for the injury.

16.     On or about December 24, 2020, Davis suffered an injury to his left knee while delivering packages. He filed his third workers' compensation claim on or about December 29, 2020.

17.     On or about August 3, 2022, Davis suffered an injury to a finger on his left hand. Shortly thereafter, Plaintiff filed a fourth workers' compensation claim.

18.     As a result of the injuries suffered during the course of him employment, Davis suffers from a disability.  Specifically, Davis suffered from disabilities to his back, shoulders, knees, and hand/fingers.  Davis has suffered from, and continues to suffer from, said disabilities since his initial injury.  Said disabilities substantially limit Davis in his major life activities, which include but are not limited to, caring for oneself, performing manual tasks, walking, standing, lifting, bending, and working.  Therefore, Davis is a qualified individual with a disability under the KCRA.

19.     On or about August 3, 2023, while delivering packages, Davis was involved in a minor accident in which his delivery truck lightly scraped the awning of a building. The collision resulted in no damages to the truck and insignificant damages to the structure of the building.

20.     On or about August 18, 2023, Davis was informed by Jimmy Wright, Davis's former Supervisor, that management planned to fire Plaintiff as a result of the accident.

21.     The following Monday, August 21, 2023, a union hearing was held to discuss Davis's termination.

3

Filed          25-CI-003943    05/19/2025          David L. Nicholson, Jefferson Circuit Clerk

22.     A month later, a second hearing was conducted. During this meeting, Plaintiff's union representative stated that Davis had a long career with UPS in which he had never done anything wrong prior to this accident.

23.     Benjamin Perkins, Davis's former Supervisor, responded, "That's not true. He's been injured before."

24.     After the hearings, it was determined that Plaintiff would remain terminated.

25.     Many of Davis's coworkers had been involved in accidents that were more severe and caused more damage but were not terminated. Said individuals were outside of Davis's protected class and/or had not filed for workers' compensation.

## V.     CAUSES OF ACTION

### Count I – Disability Discrimination

26.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-five (25) of his Complaint.

27.     Davis is a qualified individual with a disability under Kentucky statute, specifically, KRS 344.010(4) and KRS 344.030(1).

28.     Defendant was aware of Davis' disability and/or regarded him as a disabled employee.

29.     Davis was otherwise qualified for his position.

30.     Defendant discriminated against Davis on the basis of his disability pursuant to KRS § 344.040.

31.     Defendant discriminated against Davis on the basis of his disability by subjecting her to disparate treatment.

4

Filed          25-CI-003943    05/19/2025          David L. Nicholson, Jefferson Circuit Clerk

32.    Defendant discrimination against Collins on the basis of Davis disability by limiting, segregating, and classifying Collins in a way which deprived him of employment opportunities or otherwise adversely affected him.

33.    Defendant discriminated against Davis on the basis of his disability by failing to engage in the interactive process in good faith, denying him reasonable accommodations, and terminating his employment.

34.    Defendant's actions were intentional, willful and in reckless disregard of Davis' legally protected rights as protected by the KCRA.

35.    Davis has suffered damages as a result of Defendant's actions.

### Count II – Race Discrimination

36.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-five (35) of his Complaint.

37.    Pursuant to KRS § 344.040, employers are prohibited from discriminating against an employee because of that employee's race

38.    Davis is African American.

39.    Defendant discriminated against Davis on the basis of his race

40.    Defendant subjected Davis to disparate treatment/impact and terms of employment on the basis of his race.   The Defendant discriminated against Davis on the basis of his race by denying him compensation, benefits, disciplining him, and/or terminating him.

41.    Defendant's actions were intentional, willful, and taken in reckless disregard of Moore rights as protected by KCRA.

42.    Davis has suffered damages as a result of Defendant's unlawful actions.

### Count III: Race & Disability Retaliation

5

Filed            25-CI-003943    05/19/2025        David L. Nicholson, Jefferson Circuit Clerk

43.    Davis hereby incorporates paragraphs one (1) through forty-two (42) of his Complaint.

44.    Davis engaged in a protected activity when he reported his disability and requested workers compensation.

45.    Defendant retaliated against Davis for engaging in protected activity by disciplining him, and/or terminating him.

46.    Defendant's actions were intentional, willful, and taken in reckless disregard of Moore's rights as protected by KCRA.

47.    Davis has suffered damages as a result of Defendant's unlawful actions.

### Count IV – Worker's Compensation Retaliation

48.    Plaintiff hereby incorporates by reference paragraphs one (1) through forty-seven (47) of his Complaint.

49.    Pursuant to KRS § 342.197, employees are protected from any adverse employment action by employers for filing or pursuing a lawful workers' compensation claim.

50.    Davis engaged in protected activity when he filed for workers' compensation claims after being injured on the job.

51.    Defendants were aware, or should have reasonably been aware, of Plaintiff's claims.

52.    Defendants undertook an adverse employment action by terminating Plaintiff's employment.

53.    Plaintiff's workers' compensation claims directly influenced the Defendants to terminate Plaintiff. But for these claims, Plaintiff would not have been fired.

54.    Davis has suffered damages as a result of Defendant's unlawful actions.

6

Filed            25-CI-003943    05/19/2025        David L. Nicholson, Jefferson Circuit Clerk

Filed          25-CI-003943   05/19/2025          David L. Nicholson, Jefferson Circuit Clerk

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Mondrago Davis, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

2. Enjoin Defendant from discriminating against anyone else based on their disability;

3. Award compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

4. Award compensatory damages under the KCRA;

5. Award punitive damages under the KCRFA;

6. Award all costs and attorney's fees incurred as a result of bringing this action;

7. Award pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: */s/ Taylor J. Ferguson*
Taylor J. Ferguson, Atty No. 97655
Andrew Dutkanych, III
BIESECKER DUTKANYCH & MACER, LLC
144 N. Delaware St.
Indianapolis, Indiana 46204
Office:          (317) 991-4765
Facsimile:     (812) 424-1005
E-Mail:        tferguson@bdlegal.com
ad@bdlegal.com
*Counsel for Plaintiff*

7

Filed          25-CI-003943   05/19/2025          David L. Nicholson, Jefferson Circuit Clerk

Filed          25-CI-003943    05/19/2025          David L. Nicholson, Jefferson Circuit Clerk

## DEMAND FOR JURY TRIAL

Plaintiff, Mondrago Davis, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By:  /s/ Taylor J. Ferguson
Taylor J. Ferguson, Atty No. 97655
*Counsel for Plaintiff*

8

Filed          25-CI-003943    05/19/2025          David L. Nicholson, Jefferson Circuit Clerk

No. _____                    **JEFFERSON CIRCUIT COURT**
                                          **DIVISION** _____
                                          **JUDGE** _____

*-FILED ELECTRONICALLY-*

MONDRAGO DAVIS                                          PLAINTIFF

VS.

UNITED PARCEL SERVICE, INC.                            DEFENDANT

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS</u>

**\*\*\*\* \*\*\*\* \*\*\*\***

Pursuant to Rule 33 of the Kentucky Rules of Civil Procedure, the Plaintiff, Mondrago Davis, through counsel requests that the Defendant, United Parcel Services, Inc., answer the following Interrogatories in writing, under oath, within forty-five (45) of service hereof, all in accordance with the Indiana Rules of Civil Procedure. Pursuant to Rule 33.01 these Interrogatories are being served with the Plaintiff's Summons and Complaint.

Pursuant to of the Kentucky Rules of Civil Procedure, it is requested that Defendants produce for inspection each document and tangible thing requested within forty-five (45) days after service of these requests for production, by either appending a copy of each such document, and by appending a photograph of such tangible thing, to Defendants' answers, or by delivering the original of each such document and thing to the office of Plaintiff's counsel for copying, and also indicating to which Interrogatory or Request for Production each such document and tangible thing is responsive. Pursuant to Rule 34.02 these Requests for Production are being served with the Plaintiff's Summons and Complaint.

Pursuant to Rule 36 of the Kentucky Rules of Civil Procedure, Plaintiff propounds the following Requests for Admission upon Defendants to be answered under oath within forty-five

(45) days of the date hereof, in accordance with the definitions and instructions contained herein. Pursuant to Rule 346.01 these Requests for Admissions are being served with the Plaintiff's Summons and Complaint.

These Interrogatories and Requests for Production shall be deemed continuing and supplemental Answers shall be required immediately upon receipt thereof if this Defendant, directly or indirectly, obtains further or different information from the time the answers are served to the time of the trial.

<u>DEFINITIONS AND INSTRUCTIONS</u>

A.      **"you"** and **"your"**:  The person or entity(ies) to whom this request is addressed; its officers, directors, agents and employees, parent, subsidiary, division, affiliate, or any merged, consolidated, or acquired predecessor or successor; or any person acting on your behalf.

B.      **"documents"**: As used in these definitions, instructions, Interrogatories and Request for Production, the term "document" or "documents" shall include, without limitation, originals, masters, duplications, summaries, and every copy of writings, including handwritings, and printed, or typed or other graphic or photographic matter including film or microfilm of any kind or nature, video tape, recordings (tape, disc or other) of oral communication and other data compilations from which information can be obtained, in the possession, custody or control of Defendant, or any present or former officers, employees or agents thereof, or known by Defendant to exist.

**C.** The term **"person"** shall mean any individual, partnership, firm, corporation, association, joint venture, governmental agency, or any other business or legal entity.

**D.** The term **"and/or"** means "and" and in the alternative "or" and shall be construed to require the broadest possible response to each Interrogatory.

**E.** **"identify", "identity", "identification", "describe" or "description":**

(1) When used in reference to an individual, shall mean to state their full name, present or last known residence address, business or official affiliation, business address, and phone number.

(2) When used in reference to a corporation, shall mean to state its full name, officers, directors, shareholders, its state of incorporation, and its principal place of business.

(3) When used in reference to a partnership, shall mean to state its full name, the identity (as defined) of each partner, and its principal place of business.

(4) When used in reference to a person other than an individual, corporation or partnership, shall mean to state their official name, their organizational form, if any, and their address.

(5) When used in reference to a communication, shall mean to state (a) whether such communication is oral or in writing; (b) if in writing, its date, author, addressee, custodian, title, present location and subject matter; (c) if oral, the date, persons participating, and the subject matter thereof. In lieu of identifying any written communication, copies thereof may be furnished to Plaintiff.

**F.** **"communicate" or "communications":** Every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.     As used in these definitions, instructions and interrogatories, the term **"oral communication"** shall mean any utterance heard by any person, whether in person, by telephone, computer mail, facsimile transmission, or otherwise.

H.     As used herein, the term **"thing"** means any physical object other than a document.

I.     The term **"policies"** or **"procedures"** shall refer to any rule, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was in existence or is recognized by Defendant.

J.     The term **"meeting"** shall refer to any assembly, convocation, or encounter, or contemporaneous presence of two or more persons for any purpose, whether or not planned, arranged or scheduled in advance.

K.     The term **"or"** shall be construed either conjunctively or disjunctively to bring within the scope of these Interrogatories and Requests for Production any information which might be construed to be outside their scope.

L.     The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

M.     The term **"UPS"** or **"Defendant"**, unless otherwise indicated, refers to United Parcel Service, Inc.

N.     The term **"complaint(s),"** includes any and all charges, notices, grievances, protests, objections, and/or allegations made by the Plaintiff against the Defendant and/or its employees since she has been/was employed.

## INTERROGATORIES

**INTERROGATORY NO. 1:**       Identify the name, work injuries, race, disability (*if known*), position, and affiliation of each and every individual who was consulted and/or assisted in the preparation of Defendant's responses to these Interrogatories and for each such person specify for which Interrogatory they were consulted and/or provided assistance.

**ANSWER:**


**INTERROGATORY NO. 2:**       Identify the name, title, work injuries, race, and disability (*if known*) of each and every individual who was involved in and/or consulted in the decision to discipline and/or terminate Plaintiff's employment. A complete answer to this interrogatory will include the role each played in the decision-making process, the date and by whom the initial recommendation to terminate Plaintiff's employment was made, and the identity of the individual who has ultimate decision-making authority.

**ANSWER:**


**INTERROGATORY NO. 3:**       Identify each individual who was employed by Defendant in the same or similar role as the Plaintiff for the period between January 1, 2015, to the present. For each individual, please provide the following:

  a) Individual's name, work injuries, race, disability (*if known*), last known address, email, and telephone number;

  b) Whether the individual, during his/her employment with Defendant, has made a complaint to the EEOC for discrimination and/or retaliation;

  c) Whether the individual, during his/her employment with Defendant, has injured themselves and/or sought worker's compensation and/or medical leave; and

Filed                25-CI-003943    05/19/2025                David L. Nicholson, Jefferson Circuit Clerk

d) State whether the individual is still employed by the Defendant and, if not, state the date and reason that the individual's employment ended.

**ANSWER:**

**INTERROGATORY NO. 4:**    State with particularity, including all supporting facts, why Plaintiff was disciplined and/or his employment was terminated.

**ANSWER:**

**INTERROGATORY NO. 5:**    For the period between January 1, 2015, to the present, please indicate all other employees that Defendant disciplined, up to and including termination, for any reason or for violations of any rule, policy, or practice for which the Defendant alleges Plaintiff violated during his employment, including the reasons stated in Interrogatory No. 4. For each employee:

   a) Individual's name, work injuries, race, disability (*if known*), last known address, email, and telephone number;

   b) State the type of discipline administered;

   c) State the date the discipline was administered;

   d) State the name(s) of all individual(s) involved in administering the discipline; and

   e) State with particularity the reason for the discipline and/or the rule, policy, or practice violated.

**ANSWER:**

**INTERROGATORY NO. 6:**    State whether any notes, tape recordings, photographs, documents, and/or other such memoranda of any meetings, events,

Filed                25-CI-003943    05/19/2025                David L. Nicholson, Jefferson Circuit Clerk

conversations, and/or other communications, or any statement, either orally or in writing, electronic or otherwise, concerning matters referred to in Plaintiff's Complaint or in Defendant's Answer, exist. If so, state:

      a)      When and where each such note, tape recording, photograph, document, and/or other such memorandum was made;

      b)      The identity of the person(s) having custody of each such note, tape recording, photograph, document, and/or other memorandum;

      c)      The identity of any and all persons who were present at, a party to, and/or witness to such meeting(s), event(s), conversation(s), and/or communication(s);

      d)      The date and substance of any such oral and/or written statement(s); and

      e)      Please identify all documents referenced or relied on in responding to this interrogatory, and any document that supports Defendant's answer to this interrogatory.

**ANSWER:**


**INTERROGATORY NO. 7:**      Does the Defendant contend that Plaintiff's work performance was unacceptable at any time during his employment with the Defendant? If so, please provide the following:

      a)      The specific basis upon which the Defendant contends that Plaintiff's work performance was unacceptable;

      b)      Whether Plaintiff was given notification that his work performance was unacceptable;

      c)      The date of each such notification;

      d)      Whether the notification was written or oral;

      e)      Whether the notification was undertaken pursuant to any employee handbook governing the discipline of employees; and

Filed                25-CI-003943    05/19/2025            David L. Nicholson, Jefferson Circuit Clerk

f)      The identity of any documents that support the Defendant's response to this
Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 8:**        Do you contend that Plaintiff is not a qualified

individual with a disability as those terms are defined by the KCRA?  If so, please explain

your basis for such a contention and identify each witness and document that you believe will

support or refute your contention.

**ANSWER:**

**INTERROGATORY NO. 9:**        Identify each person who has provided the

Defendant or its attorneys with a statement (written or oral) concerning this action or any

facts or events underlying this action.  For each person identified, please provide the date on

which the statement was provided, the names of those persons present when the statement

was provided; a brief summary of the substance of the statement; and identify all documents

referenced or relied on in responding to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 10:**        Describe Plaintiff's compensation history with

Defendant.  A complete answer to this interrogatory will include the salary/hourly wage

and/or commission that he was paid and the dates during which he was paid said wage; the

average number of hours he worked per week during the last three years of his employment

and a description of all other employment benefits Plaintiff received while employed

including, but not limited to, medical insurance, dental insurance, life insurance, retirement

funds, bonuses, ability to receive overtime pay, fringe benefits, vehicle allowances, travel

allowances, expenses accounts, use of hospital credit cards, stipends, and/or per diems; and,

for each employment benefit described, state the monthly monetary value of this benefit to

the employee including the monthly premium paid by Defendant and the monthly cost, if

any, paid by the employee.

**ANSWER:**


**INTERROGATORY NO. 11:**     Describe with specificity Defendant's arrangement

with its attorneys for the payment of attorney fees.

**ANSWER:**


**INTERROGATORY NO. 12:**     Please describe any internal investigation(s)

conducted by Defendant in connection with Plaintiff's allegations that he has been

discriminated and/or retaliated against based on his race and/or work injuries and/or

disability and engagement in a protected activity. A complete answer to this interrogatory

shall include the following:  the name of the individual(s) responsible for the investigation;

the name of each individual who participated in the investigation; the date and time of each

meeting held as part of and/or incident to the investigation, and the name of each individual

present at said meeting; the name, address, and telephone number for each individual

interviewed and/or who provided a statement as part of the investigation; a summary of any

conclusions reached as a result of the investigation; and identify any individual(s) who was disciplined as a result of the investigation.

**ANSWER:**

**INTERROGATORY NO. 16:**    Identify each individual who was employed by Defendant during the period between January 1, 2015, to the present, and worked under the same supervisor (or said individual's replacement).  For each individual, please provide the following:

    a)  Individual's name, work injuries, race, disability (*if known*), last known address, email, and telephone number;

    b)  The name, job title, and supervisor;

    c)  Whether the individual ever filed for workers compensation and/or medical leave with the Defendant;

    d)  If so, what occurred or led to the individual filing for workers compensation and/or medical leave;

    e)  If so, whether the individual's workers compensation and/or medical leave claim was approved or denied;

    f)  If denied, why;

    g)  State whether the individual was disciplined by the Defendant and, if so, the date the discipline was issued, the type of discipline issued, and the reasoning behind issuing the discipline;

    h)  State whether the individual is still employed by the Defendant and, if not, state the date and reason that the individual's employment was terminated.

**ANSWER:**

Filed                25-CI-003943    05/19/2025              David L. Nicholson, Jefferson Circuit Clerk

**INTERROGATORY NO. 17:**      Identify the name, date of hire, work injuries, race, disability (*if known*), last known address, and telephone number of the individual that replaced Plaintiff in his position after his injury and after his termination.

**ANSWER:**

**VERIFICATION**

I, _____, verify under penalty of perjury that the Answers to the foregoing Interrogatories are true and accurate.

_____
(Defendant's Representative)

Filed                25-CI-003943    05/19/2025              David L. Nicholson, Jefferson Circuit Clerk

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Produce any and all documents identified in response to Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:**    Produce Plaintiff's complete personnel and/or employment file(s).

**RESPONSE:**

**REQUEST NO. 3:**    Produce all payroll records for the Plaintiff.

**RESPONSE:**

**REQUEST NO. 4:**    Produce any and all files, interviews, statements, tapes, transcripts, and/or other documents describing or otherwise related to the investigation of the allegations made in Plaintiff's Complaint.

**RESPONSE:**

**REQUEST NO. 5:**    Produce any and all files, interviews, statements, tapes, transcripts, and/or other documents describing or otherwise relied upon by the Defendant in their investigation of the allegations made in Plaintiff's Complaint and in the Defendant's Answer and Position Statement to the same.

**RESPONSE:**

**REQUEST NO. 6:**    Produce all documents or records that reflect Plaintiff's attendance, including any documents that reflect the amount of hours Plaintiff worked on each day and dates Plaintiff worked.

**RESPONSE:**

**REQUEST NO. 7:**    Produce any and all documents, manuals, handbooks, policies, procedures, notices, and/or directives, and any and all subsequent revisions thereof that reflect Defendant's policies on discrimination, retaliation, harassment, workers compensation, and medical leave for the time period of January 1, 2020, through the present.

**RESPONSE:**

**REQUEST NO. 8:**    Produce any and all documents, notices, correspondences (including e-mails), letters, and/or notes given and/or sent to Plaintiff by Defendant and/or any agent and/or employee thereof from the calendar year 2020 through the present.

**RESPONSE:**

**REQUEST NO. 9:**   Produce any and all documents, notices, correspondences (including e-mails), letters, and/or notes received by Defendant and/or any agent and/or employee thereof from Plaintiff from the calendar year 2020 through the present.

**RESPONSE:**

**REQUEST NO. 10:**   Any and all letters, notes, tape recordings, memoranda, and documents of any kind containing adverse, neutral, or favorable comments concerning Plaintiff's employment with the Defendant.

**RESPONSE:**

**REQUEST NO. 11:**   Produce any and all documents, memoranda, or notes created prior to, contemporaneous with, or subsequent to any evaluation, formal or informal, of Plaintiff's job performance.

**RESPONSE:**

**REQUEST NO. 12:**   Produce any and all documents that evidence or in any way support any contention by the Defendant that Plaintiff's work performance or behavior was unacceptable at any time during his employment.

**RESPONSE:**

**REQUEST NO. 13:**  Produce any and all documents that Defendants obtained from any third-party request for production and/or subpoena in connection with this case.

**RESPONSE:**

**REQUEST NO. 14:**  Produce any and all documents that Defendants received from any third party that relates to Plaintiff.

   **RESPONSE:**


**REQUEST NO. 15:**  Produce any and all documents that Defendants provided to or received from Plaintiff's former union.

   **RESPONSE:**


**REQUEST NO. 16:**  All documents which you intend to introduce into evidence at the trial of this case or which may be used to refresh the recollections of witnesses at depositions or trial.

   **RESPONSE:**


**REQUEST NO. 17:**  All statements and memos from, or relating to, witnesses or potential witnesses or persons contacted in connection with this case.

   **RESPONSE:**


**REQUEST NO. 18:**  Produce electronic copies of any and all text messages and emails between Plaintiff and his supervisor(s) during his employment.

   **RESPONSE:**


**REQUEST NO. 19:**  Produce any and all emails drafted, sent and/or received by Jimmy Wright, Benjamin Perkins, Plaintiff's supervisor, Plaintiff's union, Plaintiff's union representative, any member of Defendant's Human Resources Department and/or any individual identified in Defendant's response to Plaintiff's Interrogatory No.'s 1 and 2 that mention Plaintiff, whether it be by name or implication for the time period of January 1, 2022 and the present.

   **RESPONSE:**


**REQUEST NO. 20:**  Produce any and all text messages sent and/or received by Jimmy Wright, Benjamin Perkins, Plaintiff's supervisor, Plaintiff's union, Plaintiff's union representative, any member of Defendant's Human Resources Department and/or any individual identified in Defendant's response to Plaintiff's Interrogatory No.'s 2 and 14 that

mention Plaintiff, whether it be by name or implication for the time period of January 1, 2022, and the present.

**RESPONSE:**

**REQUEST NO. 21:**  Produce all documents that Plaintiff submitted in support of any leave taken under workers compensation and/or similar medical leave.

**RESPONSE:**

**REQUEST NO. 22:**  Produce the complete personnel and/or employment file(s) for any individual identified in Defendant's response to Interrogatory No.'s 2, 3, 5, 16, and 17.

**RESPONSE:**

**REQUEST NO. 23:**  Produce any documents referencing the discipline administered to any individual identified in Defendant's response to Interrogatory No.'s 2, 3, 5, 16, and 17.

**RESPONSE:**

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**     Admit that Plaintiff is a qualified individual with a disability as those terms are defined by the KCRA.
**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:**     Admit that Plaintiff injured himself in the course of his employment.
**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:**     Admit that Plaintiff was disciplined for seeking and/or filing for workers compensation benefits.
**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:**     Admit that Plaintiff was terminated for seeking and/or filing for workers compensation benefits.
**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:**     Admit that during Plaintiff's union hearing regarding his termination Benjamin Perkins, stated, "That's not true. [Plaintiff's] been injured before."
**ANSWER:**

Respectfully submitted,

By:  /s/ Taylor J. Ferguson
Taylor J. Ferguson, Atty No. 97655
BIESECKER DUTKANYCH & MACER, LLC
144 N. Delaware St.
Indianapolis, Indiana 46204
Office:        (317) 991-4765
Facsimile:     (812) 424-1005
E-Mail:        tferguson@bdlegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's First Set of Discovery were served on the Defendant along with the Summons and Complaint:

UPS
Corporation Service Company
421 West Main Street, Frankfort, KY 40601.

/s/ Taylor J. Ferguson
*Counsel for Plaintiff*

CERTIFIED MAIL

9589 0710 5270 0156 1015 57



US POSTAGE—PITNEY BOWES

ZIP 47708
02 7H
0006203762
$ 011.54⁰
MAY 19 2025

BIESECKER DUTKANYCH & MACER
411 MAIN STREET
EVANSVILLE, IN 47708

UNITED PARCEL SERVICE, INC.
c/o CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601